## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

PETER T. KOSTYSHYN,                    )
                                       )
      Petitioner,                )
                                       )
v.                                     )          Civ. A. No. 04-1245-KAJ
                                       )
RICHARD KEARNEY, Warden,               )
                                       )
      Respondent.                )


### MEMORANDUM OPINION

_____

Peter T. Kostyshyn. *Pro se* Petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of
Justice, Wilmington, Delaware. Attorney for Respondent.

_____

September 19, 2005
Wilmington, Delaware



**JORDAN, District Judge**

## I.    INTRODUCTION

Petitioner Peter T. Kostyshyn ("Kostyshyn") was incarcerated in Delaware when he filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). For the reasons set forth below, I will dismiss his Petition. (D.I. 1.)

## II.   PROCEDURAL AND FACTUAL BACKGROUND

On February 4, 2003, a Superior Court jury convicted Kostyshyn of criminal trespass, harassment, offensive touching, second degree assault, and falsely reporting an incident. His conviction stemmed from a dispute with a neighbor where Kostyshyn punched the woman in her face and broke her jaw. In March 2003, the Superior Court sentenced Kostyshyn to a total of 8 years at Level V confinement, followed by 6 months at Level III probation. In March 2004, the Superior Court reduced the assault sentence to 5 years at Level V, suspended for time served, followed by decreasing levels of supervision. *See generally* D.I. 16.

Kostyshyn was transferred to a Level IV work release facility. Within one week of this transfer, he was administratively charged with a violation of probation and returned to Level V pending the outcome of that violation of probation hearing. On October 29, 2004, the Superior Court held the violation hearing and concluded that Kostyshyn had not violated his probation. The Superior Court then modified Kostyshyn's sentence again, reducing it to 3 years at Level V, suspended immediately for time served, followed by 18 months at Level II probation. Kostyshyn appealed the

modified sentence, and the Delaware Supreme Court dismissed the appeal for failure to prosecute. *Id.*; *Kostyshyn v. State*, 872 A.2d 959 (Table), 2005 WL 1003280 (Del. Apr. 27, 2005).

## III.   THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)(internal citations and quotation marks omitted). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA increases the deference federal courts must give to state court decisions, primarily by imposing procedural requirements and standards "in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see Woodford*, 538 U.S. at 206.

## IV.   DISCUSSION

Kostyshyn filed the instant Petition for federal habeas relief in September 2004 while he was waiting for the Superior Court to hold his violation of probation hearing. His Petition and a supplemental motion appear to assert three claims for relief: (1) he should have been released on bail pending disposition of the probation violation charge; (2) his attorney provided ineffective assistance by failing to ask the Superior Court judge to set bail during an August hearing and by refusing to advance his issues

2

on appeal (presumably on appeal of the modified sentence issued October 29, 2004 during the violation of probation hearing); and (3) correctional authorities miscalculated the length of his sentence and held him at Level V longer than necessary.  (D.I. 1; D.I. 7.)

The State filed an Answer asking the Court to dismiss Kostyshyn's Petition because his claims either allege state law claims that are not cognizable on federal habeas review, or because the claims are now moot.  (D.I. 16.)

### A.   Bail

Kostyshyn's first claim appears to allege that he should have been released on bail while waiting for his October 2004 violation of probation hearing.  The record reveals that Superior Court conducted a bail hearing in July 2004, and determined that Kostyshyn should be held without bail.  (D.I. 18, Del. Super. Ct. Crim. Dkt. No. 114.)

It is well-settled that a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Claims based on errors of state law are not cognizable on federal habeas review.  *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991)*; Pulley v. Harris*, 465 U.S. 37, 41 (1984);  *Riley v. Taylor*, 277 F.3d 261, 310 n.8 (3d Cir. 2001).

Here, Kostyshyn does not indicate whether his failure to be released on bail violated federal or state law.  To the extent he alleges a violation of federal law, the claim is meritless because there is no absolute federal constitutional right to bail pending disposition of an alleged violation of probation.  *In re Whitney*, 421 F.2d 337,

3

338 (1st Cir. 1970); *Smith v. Jacobs,* 1994 WL 269264, at *6 (E.D. Pa. June 14, 1994);
*United States v. Sample*, 378 F.Supp. 43, 43-44 (E.D. Pa. 1974). To the extent he
alleges a violation of state law,[1] the claim is not cognizable on federal habeas review.
*See Estelle*, 502 U.S. 67-8.

However, even if Kostyshyn's bail claim does present a proper issue for federal
habeas review, I do not have jurisdiction to review the claim because it is now moot.
*See North Carolina v. Rice*, 404 U.S. 244, 246 (1971)("mootness is a jurisdictional
question"); *Chong v. District Director, INS*, 264 F.3d 378, 383-84 (3d Cir. 2001). The
mootness "principle derives from the case or controversy requirement of Article III of the
Constitution." *DeFoy v. McCullough,* 393 F.3d 439, 441 (3d Cir. 2005). A case
becomes moot if the "issues presented are no longer 'live' or the parties lack a legally
cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)(internal
citations omitted); *see also Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78
(1990). In other words, an actual controversy must exist during all stages of litigation to
satisfy Article III's case or controversy requirement. *United States v. Kissinger*, 309
F.3d 179, 180 (3d Cir. 2002).

When a habeas petitioner challenges his underlying conviction, and he is
released during the pendency of his habeas petition, federal courts presume that "a
wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy
the injury requirement. *Spencer v. Kemna*, 523 U.S. 1, 8 (1998); *see Steele v.
Blackman*, 236 F.3d 130, 134 n.4 (3d Cir. 2001). However, when a petitioner does not

---

[1]Delaware law permits a probationer to be released on bail pending disposition of
his probation violation charges. *See* 11 Del. C. Ann. § 4334(b).

4

attack his conviction, the injury requirement is not presumed. *Chong*, 264 F.3d at 384. "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).

Here, Kostyshyn does not challenge the legality of his conviction or sentence. He only contends that he should have been released on bail during the pendency of his violation of probation charges. The record reveals that the Superior Court held his violation of probation hearing on October 29, 2004, and determined that Kostyshyn did not violate his probation. Thus, because there is no pending violation of probation proceeding, there is no "actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7; *see Weeks v. Wyrick*, 638 F.2d 690, 693 (8th Cir. 1981)(holding that "the lack of any ongoing appeal of Week's conviction renders moot the question of bail pending direct appeal").

Accordingly, I will dismiss this claim.

### B.    Ineffective Assistance of Counsel

Kostyshyn contends that his counsel, Kevin O'Connell, Esquire, provided constitutionally ineffective assistance by failing to request his release on bail at an August 25, 2004 hearing and by refusing to help him advance his issues regarding his appeal of the violation of probation hearing. Kostyshyn did not present this claim to the Delaware state courts, but the State expressly waives the exhaustion requirement.

The State contends that this claim should be denied as moot. I need not address the issue of mootness with respect to an ineffective assistance of counsel claim, however, because the record reveals that Mr. O'Connell was not even representing Kostyshyn during the August hearing or anytime thereafter. In fact, it appears that Mr. O'Connell stopped representing Kostyshyn sometime in the Spring of 2004.[2] Accordingly, I will dismiss Kostyshyn's ineffective assistance of counsel claim as meritless.

## C.    Miscalculation of Sentence by Prison Officials

Kostyshyn's final claim appears to be that prison officials miscalculated his sentence and inappropriately held him at Level V longer than authorized under 11 Del. C. Ann. § 4334(d). Although inartfully presented, he contends that the State consistently attempted to transfer him to Level III probation rather than hold him at a Level V or Level IV facility, and therefore, his continued incarceration at Level V during the pendency of his VOP charges was illegal.[3]  (D.I. 7.)

Kostyshyn does not allege that his custody violated the Constitution or laws of the United States. He only contends that his custody at Level V violated 11 Del. C. Ann. § 4334(d). Thus, I will dismiss this claim because it presents a violation of state

---

[2]The Superior Court criminal docket indicates that Kostyshyn started to represent himself sometime in April 2004. *See generally* D.I. 18, Del. Super. Ct. Crim. Dkt. Nos. 106, 107.  In fact, in the Spring of 2004, Mr. O'Connell sent a letter to Kostyshyn requesting him to "discontinue sending each and every pleading filed in various appeals . . . my representation of you in all legal proceedings which were the subject of my appointment as your counsel have come to end." *Id.* at No. 113.

[3]Kostyshyn also appears to allege that various State offices are inappropriately closed during certain holidays. This claim fails to state a claim cognizable on federal habeas review. *See* 28 U.S.C. § 2254(a).

6

law that is not cognizable on federal habeas review. *See Estelle*, 502 U.S. at 67-8; *see also* text, *supra* at 4.

### D.    Motions for Appointment of Counsel

*Pro se* petitioners have no automatic constitutional or statutory right to representation in a federal habeas proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991); *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999). A court may, however, seek representation by counsel for a petitioner "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993)(citing *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require").

Kostyshyn filed two motions asking the Court to appoint counsel to represent him in the instant habeas proceeding. The first motion asks for representation because he has complex issues associated with alleged violations of 42 U.S.C. § 1983. (D.I. 5.) Given that he filed this request in a habeas proceeding, the interests of justice do not require the appointment of counsel for complex § 1983 issues.

Kostyshyn's second motion asks for representation because he appealed the Superior Court's October 29, 2004 VOP hearing after he filed his Petition, and he does

7

not know how that appeal affects his Petition. (D.I. 15.) Again, this reason fails to demonstrate that the interests of justice require the appointment of counsel.

Further, having determined that Kostyshyn's Petition does not warrant federal habeas relief, his requests for the appointment of counsel are moot.

## V.    CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Additionally, if a federal court denies a habeas claim on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find the following debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

I conclude that Kostyshyn's habeas claims are either moot or fail to present a claim cognizable on federal habeas review. Kostyshyn has failed to make a substantial showing of the denial of a constitutional right, and I decline to issue a certificate of appealability.

8

## VI.   CONCLUSION

For the foregoing reasons, I will dismiss Kostyshyn's Petition.  I also find no basis for the issuance of a certificate of appealability.  An appropriate Order will follow.